996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Wayne TIPPETT, Defendant-Appellant.
 No. 92-6418.
 United States Court of Appeals, Tenth Circuit.
 June 15, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Defendant David Wayne Tippett appeals the district court's denial of his motion to suppress evidence. Mr. Tippett entered a conditional guilty plea to maintaining a place for the cultivation of marijuana, 21 U.S.C. § 856. He claims that information contained in the affidavit filed in support of the search warrant was the product of an illegal search. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.
 
 
 2
 The affidavit relied upon physical observation of marijuana plants on Mr. Tippett's property. Despite the fact that law enforcement officers observed these plants during a warrantless search, this search did not offend the Fourth Amendment, and the affidavit was sufficient to support a showing of probable cause.
 
 
 3
 An individual generally does not enjoy an expectation of privacy in open fields neighboring a home. Oliver v. United States, 466 U.S. 170, 180 (1984). Adjacent property is only treated as curtilage when the property is used for the intimate activities associated with the sanctity of the home. United States v. Dunn, 480 U.S. 294, 300 (1987). Determination of whether property is within the curtilage of a home is a factual question, which we review for clear error. United States v. Swepston, 987 F.2d 1510, 1513 (10th Cir.1993).
 
 
 4
 Ample evidence supported the district court's conclusion that the fields were not curtilage. As in Swepston, Defendant apparently did little to protect the fields from observation from adjacent properties. The area was not part of any enclosure surrounding Mr. Tippett's home, and was a significant distance from the house. The agents testified that they began to encounter marijuana 50 to 75 yards from the home, and that there were no signs that the area was used for activities associated with a home. II R. at 17, 39.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3